IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAURICE STOKES (#429758),** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| vs. | : | NO. 14-1460 |
| | : | |
| **TABB BICKELL, et al.,** | : | |
| Respondents | : | |

### O R D E R

**AND NOW,** this  3rd  day of November, 2014, upon independent review of the petition for writ of *habeas corpus*, and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Document #17) and the petitioner's Objections thereto (Document #19), IT IS HEREBY ORDERED that:

1. The petitioner's Objections are OVERRULED.[1]
2. The Report and Recommendation is APPROVED and ADOPTED.
3. The petition for writ of *habeas corpus* is DISMISSED without prejudice.
4. The petitioner's motions for appointment of counsel (Documents #3 and 13) are DENIED.
5. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

  /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

[1] The petitioner filed Objections conceding that he had not exhausted all available state remedies. He asks to be excused from that requirement due to his lack of legal experience and education, and to his reliance on a fair system. Further, he feels entitled to an exception to the rule of exhaustion because he did the right thing in testifying for the state and thus placed his life and the lives of his family in danger. The Third Circuit Court of Appeals has held that exhaustion is not a jurisdictional requirement, see Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001), but rather rests on the well-established "interests of comity and federalism [that] dictate that state courts must have the first opportunity to decide a petitioner's claims," Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). Here, it is clear that the petitioner has not exhausted his state remedies, and that he cannot establish that further review in the state courts is unavailable. Under these circumstances, I must conclude that a state remedy remains available to him, and he must proceed with any available appeals or collateral attacks prior to seeking federal *habeas* review.